Helwing v. Michalow

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of October, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

TOMASZ HELWING,

> *Plaintiff-Appellant*,

> v.                                                                 20-3453

DARIUSZ MICHALOW, SEBASTIAN TKACZYK, WILLIAM GONZALEZ, for themselves and others similarly situated who were employed by East Coast Restoration & Consulting Corp., Midtown Restoration, Inc., East Coast Installation & Consulting Corp., East Coast Restoration & Construction Consulting Corp.,

> *Plaintiffs-Appellees*,

**EAST COAST RESTORATION &**
**CONSULTING CORP., et al.,**

*Defendants-Appellees.*[1]

---

**FOR PLAINTIFF-APPELLANT:**                    Tomasz Helwing, pro se,
                                                 Howard Beach, NY.

**FOR PLAINTIFFS-APPELLEES:**                   LaDonna M. Lusher, Jenny
                                                 S. Brejt, Virginia &
                                                 Ambinder, LLP, New York,
                                                 NY.

**FOR DEFENDANTS-APPELLEES:**                   Michael M. Rabinowitz,
                                                 Rabinowitz & Galina,
                                                 Mineola, NY; James A.
                                                 Randazzo, Drew W. Sumner,
                                                 Portale Randazzo LLP, White
                                                 Plains, NY.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court is **AFFIRMED**.

Appellant Tomasz Helwing, proceeding pro se, appeals the district court's order and judgment approving a settlement in this Fair Labor Standards Act collective action and New York Labor Law class action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A class action settlement must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). We review a district court's "factual findings relating to a settlement agreement in a

---

[1] The Clerk is respectfully directed to amend the caption accordingly.

class action lawsuit under the clearly erroneous standard of review," review its interpretation of law de novo, and review its "determination that a settlement in a class action . . . is fair, reasonable, and adequate" for abuse of discretion. *McReynolds v. Richards-Cantave*, 588 F.3d 790, 800 (2d Cir. 2009) (cleaned up).

Here, our review of the record and relevant case law reveals no error in the district court's decision to approve the settlement. We affirm for substantially the reasons stated by the district court on the record at the fairness hearing.

We have considered all of Helwing's arguments and find them to be without merit. Helwing failed to present admissible evidence that any of the parties to the settlement, or their attorneys, violated the Racketeer Influenced and Corrupt Organizations Act or otherwise engaged in unethical conduct. Additionally, the Older Workers Benefit Protection Act does not apply to this case, and Helwing has not demonstrated that the settlement should have been rejected for any other reason. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3